| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br><br> v. <br><br> **LUIS SANTOS,** <br> **Defendant** | CRIM. NO. 16-747 (PAD) |

## PLEA AGREEMENT
### (Pursuant to Rule 11(c)(1)(C) FRCP)

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff, the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capo-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Marshal D. Morgan, Assistant United States Attorney, Deputy Chief, Crimes Against Children and Human Trafficking Unit; Nicholas G. Smith, Special Assistant United States Attorney for said District, and Luis Santos, Defendant, by and through Defendant's counsel, Antonio Bisbal-Bultron, Esq., pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **DEFENDANT PLEADS GUILTY TO 8 U.S.C. § 1326(a)**

Defendant agrees to plead guilty to COUNT ONE of the Information, which charges that the Defendant, being an alien previously removed from the United States, did knowingly and intentionally attempt to enter the United States, without obtaining, prior to his re-embarkation at a place outside the United States, the consent from the Secretary of Homeland Security, to reapply for admission into the United States; all in violation of Title 8, *United States Code*, Section 1326(a).



2.  **MAXIMUM PENALTIES**

The maximum penalties for COUNT ONE include a term of imprisonment for two (2) years; a term of supervised release of no more than one (1) year; and a fine not to exceed $250,000.00.

3.  **APPLICABILITY OF SENTENCING GUIDELINES**

Pursuant to the decision of the Supreme Court of the United States in the case of *United States v. Booker* and *United States v. Fanfan*, the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

4.  **SPECIAL MONETARY ASSESSMENT**

Defendant shall pay a special monetary assessment of one-hundred dollars ($100.00), as required by Title 18, *United States Code*, Section 3013(a).

5.  **FINES**

Defendant is aware that the Court may order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release.

6.  **RULE 11(c)(1)(C) WARNINGS**

Pursuant to Rule 11(c)(1)(C) of the <u>Federal Rules of Criminal Procedure</u>, the parties have agreed that the Defendant and the Government will request 06 months of imprisonment regardless of the applicable guideline range and the government will request a term of imprisonment of 06 months regardless of the applicable guideline range, is the appropriate disposition of this case. The parties did not stipulate the criminal history category of the defendant. Defendant understands that the Court may either accept or reject this sentencing recommendation, as more specifically described below:

(a) Should the Court **accept** the sentencing recommendation; the Court would sentence Defendant to the agreed term of imprisonment;

(b) Should the Court **reject** the sentencing recommendation, the Court would allow Defendant an opportunity to withdraw Defendant's guilty plea. In this event, should Defendant not withdraw the guilty plea, then the Court could dispose of the case less favorably toward Defendant than the plea agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.[1]

## 6. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are advisory, the sentencing court is required to consider the Guideline "sentencing range established for …the applicable category of offense committed by the applicable category of defendant" in imposing sentence. *United States v. Booker*, 543 U.S. 220, 224 (2005). Therefore, after due consideration of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the United States and Defendant submit the below advisory Sentencing Guideline calculations.

**[INTENTIONALLY LEFT BLANK]**

---

[1] *See* United States v. Moure-Ortiz, 184 F.3d 1 (1st Cir. 1999).

| 2016 UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE <COUNT ONE> 8 U.S.C. § 1326(b)(2) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Base Offense Level [§ 2L1.2(a)] | Defendant unlawfully entered or remained in the U.S. illegally | | | | | | +8 |
| Departure [§ 5K3.1] | Defendant timely accepted responsibility and the offense level is 16 or greater | | | | | | -2 |
| TOTAL OFFENSE LEVEL | | | | | | | 6 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 06 | 000-006 | 001-007 | 002-008 | 006-012 | 009-015 | 012-018 |

### 7. SENTENCING RECOMMENDATION

The United States and the Defendant, regardless of the applicable guideline range, agree to recommend a sentence of six months incarceration. There is no stipulation as to Criminal History Category for the Defendant.

### 8. UNITED STATES RESERVATION OF RIGHTS

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

9. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that Defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

10. **DISMISSAL OF INDICTMENT**

The pending one count indictment, in case Criminal Number 16-605 (PAD), charging the defendant with a violation of Title 8, *United States Code*, Section 1326(b)(2), will be dismissed upon pronouncement of sentence.

11. **OBJECTIONS TO THE SENTENCING REPORT**

Pursuant to Fed.R.Crim.P. 32 (f)(1)&(2), the parties agree to state in writing any objections to the sentencing report within 14 days after its receipt.

12. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's adjusted offense level shall be sought by the parties.

13. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties make no stipulation as to Defendant's Criminal History Category.

14. **IMPACT UPON IMMIGRATION STATUS**

Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon Defendant's immigration status with the United States.

15. **SATISFACTION WITH ATTORNEY**

Defendant is satisfied with Defendant's counsel, Antonio Bisbal-Bultron, Esq. Defendant hereby indicates that counsel has rendered effective legal assistance.

### 16. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement, which include the following:

a)  If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree;

b)  If a jury trial is conducted, the jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately;

c)  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt;

d)  At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the

witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court;

e) At trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

17. **STIPULATION OF FACTS**

The parties agree that there is a sufficient basis in fact to support Defendant's guilty plea in this case. The parties further agree that the facts contained in the attached government's version of facts are true and correct, and that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

18. **JURISDICTIONAL LIMITS OF PLEA AGREEMENT**

This plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

19. **ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS**

This document constitutes the entire plea agreement between the parties. The parties deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

20. **VOLUNTARINESS OF PLEA**

Defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. No threats have been made against Defendant. Defendant is pleading guilty freely and voluntarily because Defendant is, in fact, guilty.

## 21. BREACH AND WAIVER

Defendant understands and agrees that if Defendant breaches the Plea Agreement, Defendant may be prosecuted and sentenced for all of the offenses that Defendant may have committed. Defendant agrees that if Defendant breaches this Plea Agreement, the government reserves the right to take whatever steps are necessary to nullify the Plea Agreement, including the filing of a motion to withdraw the Plea Agreement and/or set aside the conviction and sentence. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted. Defendant further agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have also waived any objection to the filing of any additional charges against him.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
José Capó-Iriarte,
Assistant U.S. Attorney
Chief, Criminal Division
Date: 11/30/16

_____
Marshal D. Morgan
Assistant U.S. Attorney
Deputy Chief, Crimes Against Children
and Human Trafficking Unit
Date: 11/30/16

_____
Nicholas G. Smith
Special Assistant U.S. Attorney
Date: 11/28/16

_____
Luis Santos,
Defendant
Date: 21/12/2016

_____
Antonio Bisbal-Bultron, Esq.
Counsel for Defendant
Date: 21/12/2016

I have consulted with my counsel and fully understand all my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 21/12/2016

Luis Santos,
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights with respect to the pending Information against Defendant. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 21/12/2016

Antonio Bisbal-Bultron, Esq.
Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary of facts which would have proven beyond a reasonable doubt Defendant's criminal responsibility for Defendant's violation of 8 U.S.C. § 1326(a):

On September 19, 2016, the Puerto Rico Police Department Maritime Unit (FURA) intercepted a makeshift 'yola' type vessel 20 miles northwest of Aquadilla, Puerto Rico. The vessel held a total of thirty-seven subjects (37) subjects on board, including the Defendant. All subjects claimed to be undocumented aliens from the Dominican Republic. For safety reasons, all subjects were transferred to a US Coast Guard Cutter, where their fingerprints where entered into the biometric system. Biometrics revealed that the Defendant had previous immigration and criminal history. Arrangements were made with the U.S. Border Patrol Ramey station to coordinate investigation and custody transfer of the detained illegal immigrants who met the Caribbean Border Interagency Group prosecution guidelines.

The Defendant was transported to the Mayaguez Port of Entry, Puerto Rico. They were met by Border Patrol Agents who identified themselves and proceeded to interview the detained individuals as to their citizenship and immigration status in the United States. The Defendant claimed to be a citizen and national of the Dominican Republic without valid immigration documents to enter the United States legally.

The Defendant was arrested and transported to the Ramey Border Patrol Station for processing and removal proceedings. At the Ramey Station, the Defendant's photograph and fingerprints were taken and entered into the NGI System and subsequent record checks were conducted. The record checks confirmed that the Defendant had previous immigration history.

On April 19, 1996, the Defendant was arrested along with two others for two hand to hand sales involving drugs in the vicinity of West 176th Street in New York City. On August 20, 1997, in Bronx Supreme Court the Defendant plead guilty to criminal possession of a controlled substance in the third degree. The Defendant was never sentenced in New York; instead, he was served with a removal order on March 10, 1999 and physically removed on the same day. The Defendant agrees this removal order is valid.

The Defendant attempted to re-enter into the United States at a place other than a designated port of entry. The Defendant does not have any immigration documents allowing him to enter and/or remain in the United States legally and was not inspected, admitted or paroled into the United States by an Officer of the Bureau of Customs and Border Protection. The Defendant does not have any petitions pending with the Bureau of Citizenship and Immigration Services.

Had the United States proceeded to trial, the Government would have presented testimony from law enforcement agents, testimony from an expert fingerprint analyst, the Defendant's statement, the Defendant's removal documents, and other documentary evidence. Discovery was provided to the defense in a timely manner.

_____
Nicholas G. Smith
Special Assistant U.S. Attorney
Date: 11/28/16

_____
Luis Santos,
Defendant
Date: 21/12/2016

_____
Antonio Bisbal-Bultron, Esq.
Counsel for Defendant
Date: 21/12/2016