# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.                                                 CASE NO. 16-797(PAD)

LUIS SANTOS
     Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Luis Santos has lived most of his life in the Dominican Republic. He is the father of five, and four of them live with him and his thirteen year wife; so do three of his grandchildren. Two of his daughters currently go to university, and one of them studies medicine. They all depend on him emotionally and economically, and desperate because he could not raise enough money for them, he committed the offense he pleaded guilty to.

Mr. Santos understands that risking his life by traveling in a small wooden boat to Puerto Rico with others, even if he had succeeded in his attempt to reach the United States, is not worth the hardships he's been subject to before and after his detention, and that he has placed his family in; whom cannot count with his providing and support. He placed his life at risk by traveling through the Mona Passage from the Dominican Republic to Puerto Rico; a shark infested treacherous water channel that has taken the lives of many. He is not up to doing the same voyage again, and having learned his lesson he respectfully requests this Honorable Court to impose the sentence

recommended and agreed to by the parties; with full knowledge that he will be detained by immigration authorities who will process him in accordance with immigration laws.

Given the circumstances, the impact that a sentence in excess of that requested by the defendant would overstate the seriousness of his offense, which was not one of violence, drug trafficking or the use of weapons; and that the defendant is in position to plead guilty to the offense, the sentence requested by Mr. Santos is "sufficient, but not greater than necessary," to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2).

The daughters of Mr. Santos go to school and university, and because he cannot be there to provide for them, and they needing money for their studies, he fears that his daughters may getting involved in the escort business to reach their objectives. An alternative that he does not support and the sole thinking of it traumatizes him. He is not a drug smuggler or user, and is not prone to violence. He is a family man that to earn money in the Dominican Republic sold clothing with his wife and driving a truck, but because he could not raise enough money for them, he decided to come to the United States to work and send them back the money he earned.

*18 U.S.C. 3553(a)*

The mandate of 18 U.S.C. § 3553(a) is, of course, for the court to "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in paragraph 2 of that same statute. In <u>United States v. Hunt</u>, 459

F.3d 1180, 1182 (11th Cir. 2006), the court summarized the factors that a sentencing court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [ . . .by the Sentencing Commission];
> (5) any pertinent [Sentencing Commission] policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

In Mr. Santos's case, it is the "circumstances of the offense" that justify he be sentenced to the time agreed by the parties in the plea agreement. Such a sentence is at the highest end of the sentencing guideline applicable, Mr. Santos not having the opportunity to benefit from the fast-track USDOJ policy that is not in place in Puerto Rico anymore.

*USSG § 2L1.2 and the Circumstances of the Offense*

In cases such as Mr. Santos's, the offense level can be significantly affected by the individual's criminal history, whom is none. Section 2L1.2 provides for an increasing offense level based upon a purported serious preceding offense, which in the present case does not exist as Mr. Santos has had no conviction for "(i)a drug trafficking

offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense." And because Mr. Santos has a criminal history score of zero, which places him in a criminal history category of 1, and the total offense level he falls in the US Sentencing Guidelines Sentencing Table is 6 with a sentencing guideline range applicable from 0 to 6 months of incarceration, Mr. Santos respectfully requests that a sentence of no more than 6 months be imposed. He requests from the Court to take the before into consideration, his personal characteristics and circumstances, that he entered into a guilty plea promptly, and that he has been under custody since he was detained by immigration authorities; that the Court accepts the sentencing recommendation made by the parties in the plea agreement submitted.

Mr. Santos recognizes that he will be deported after he completes his sentence, and he is resigned to live outside the United States. He concedes, that the Court can impose a higher prison term than that agreed to with the Government; however, the sentence agreed to, considering that the defendant has been detained for about the same time agreed by the parties, will reflect the goals of sentencing set forth in § 3553(a)(2).

*Conclusion*

Mr. Santos contends that a sentence above the time agreed and recommended by the parties, thus higher than the 6 months (which is the higher end of the applicable

guideline range) would overstate the seriousness of his offense.  Such a sentence is sufficient but not greater than necessary to comply with the 3553(a) factors.   He, therefore, requests this Court to impose the sentence recommended to the court by the parties in the plea agreement; taking into consideration that he has been under custody since his detention, that he plead guilty in a timely fashion, and that he is to be deported to his country of origin, the Dominican Republic, by US immigration authorities.

In San Juan, Puerto Rico, this 10th day of March, 2017

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all interested parties/attorneys or record.

s:/Antonio L. Bisbal Bultrón

ANTONIO L. BISBAL BULTRON, ESQ.
USDC-PR 214913

P.O. Box 9023851
Old San Juan Station
San Juan, PR 00902-3851

Tel. (787) 531-4416
Fax. (787)282-6049
E-mail: bmlegalpr@gmail.com